## In re MAYER.

District Court, S. D. New York. March 24, 1927.

Aliens ⬥⟾62(3)—Alien's remaining abroad 15 months, after settling father's estate, held protracted residence sufficient to preclude naturalization within 5 years thereafter.

Where alien, residing within United States for nearly 9 years, returned to native country for purpose of settling father's estate, and remained for 15 months after accomplishing such purpose, his absence will not be regarded as mere temporary business trip, but as a protracted residence, sufficient to defeat naturalization on application within less than 5 years after his return.

At Law. In the matter of the application of Sigmund Mayer to be admitted as a citizen of the United States. Application denied.

AUGUSTUS N. HAND, District Judge. In the agreed statement of facts it appears that Mayer first came to the United States December 26, 1912, and continued to reside here until July 2, 1921, when he left this country for his native country, Czecho-Slovakia, and remained there until November 18, 1923. He went there for the purpose of settling the estate of his father, which he says was sold

August 20, 1922, for $26,000 in American money, and remained outside of the United States after the property was sold until his return in November, 1923, in order to complete the sale and make a complete settlement of the estate. He was married, and his wife was with him during all of his absence abroad.

While abroad he stored his household furniture in New York, and maintained a small balance in the Chatham Phenix National Bank & Trust Company in that city. While the storage of his furniture indicates some purpose to return, he had no place of abode here during his absence, and no real explanation is given in the statement of facts why he should have stayed out of the country for 15 months after he had reduced all of his father's estate to cash.

Upon the statement of facts, I cannot regard his living abroad as on a mere temporary business trip, from which he expected to return practically at any time, but as a protracted residence, which would bring the case within the doctrine of United States v. Mulvey (C. C. A.) 232 F. 513, and not Neuberger v. United States (C. C. A.) 13 F.(2d) 541.

The application for citizenship is, therefore, denied